# FORFEITURE, PROPOSED JURY INSTRUCTION NO. 1[1]

(To be given before supplemental evidentiary proceedings or
supplemental arguments of counsel)

Members of the Jury: Your verdict in this case doesn't complete your jury service because there is another matter you must now consider.[2]

In a portion of the Superseding Indictment not previously discussed or disclosed to you, it is alleged that certain property is subject to forfeiture.[3]

To "forfeit" a thing is to be divested or deprived of the ownership of it as a part of the punishment allowed by the law for certain criminal offenses.

In view of your verdict finding Defendant Ulysses Cabrera guilty of the offenses alleged in the Superseding Indictment, you must also decide whether the requisite nexus exists between his property and the offenses he committed.[4]

In order to establish a "nexus" between the property alleged to be forfeitable and the

---

[1] Pattern Crim. Jury Instr. 11th Cir. (2016) ("T6 Instruction") (attached as **Attachment A**).

[2] Deleted "as it would in most cases" from T6 Instruction, and the following sentence:
> You must decide whether the Defendant[s], _____, should forfeit certain [money or] property to the United States as a part of the penalty for the crime charged in Count _____ of the indictment.

The jury is being asked whether the requisite forfeiture nexus exists, and not deciding forfeiture, which is a sentencing matter within the province of the Court. Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure, which establishes a statutory right to a jury trial on the forfeiture allegations, states, in relevant part: "…If a party timely requests to have the jury determine forfeiture, the government must submit a proposed Special Verdict Form listing each property subject to forfeiture and *asking the jury to determine whether the government has established the requisite nexus* between the property and the offense committed by the defendant." Fed. R. Crim. P. 32.2(b)(5) (emphasis added).

[3] Deleted reference to deciding forfeiture. *See supra* note 2.

[4] Deleted reference to forfeiture and substituted with requisite nexus. *See supra* note 2.

offense giving rise to the forfeiture allegation, the Government must establish a connection between the property and the offense. The connection must be more than incidental, but the connection need not be substantial.[5]

To decide whether the requisite nexus exists for forfeiture, you should consider all the evidence you have already heard plus any additional evidence that will be presented to you after these instructions.[6]

A copy of the forfeiture allegations of the Superseding Indictment will be given to you to consider during your supplemental deliberations.  It describes, in particular, property allegedly subject to forfeiture to the United States.  Specifically, the United States is seeking the forfeiture of:

    a.  Vacant land located at 2951 NW 132 Terrace, Opa-Locka, Florida 33054; and

    b.  $6,558.00 in U.S. currency.

To be entitled to the forfeiture of those items, the Government must have proved by a preponderance of the evidence that the property to be forfeited is: proceeds obtained, directly or indirectly, as a result of such offense or property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of Counts 1 or 2 of the Superseding Indictment, was property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses charged in Counts 1 or 2 of the Superseding Indictment, or was property involved in Counts 18, 38, 39, or 40 of the Superseding Indictment, or is property traceable there o.

---

[5] Fed. Crim. Jury Instr. 7th Cir. (2012 ed.) ("Nexus Instruction") (attached as **Attachment B**).

[6] Deleted reference to forfeiture and substituted with requisite nexus. *See supra* note 2.

There is a rebuttable presumption that property is subject to forfeiture if the Government proves by a preponderance of the evidence that the drug offender (1) acquired the property during the period of time the offense of conviction was committed, or within a reasonable time thereafter, and (2) there was no likely source for such property other than the offense.[7]

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

To "facilitate" the commission of an offense means to aid, promote, advance, or make easier, the commission of the act or acts constituting the offense. There must be more than an incidental connection between the property and the offense for you to find that the property facilitated, or was intended to facilitate, committing the offense. But the property doesn't have to be essential to committing the offense, nor does the property have to have been used exclusively to commit the offense or as the exclusive means of committing the offense. Property used to facilitate an offense can be in virtually any form.

To be "involved in" money laundering or a money laundering conspiracy means the money or property which was actually laundered, along with any commissions or fees paid to the launderer and any property used to facilitate the laundering offense. Property would facilitate a money laundering offense if it makes the prohibited conduct less difficult or more or less free from obstruction or hindrance.[8]

---

[7] Pattern Crim. Jury Instr. 11th Cir. (2016) ("T6 Instruction") (referencing 21 U.S.C. § 853(d)).

[8] *United States v. Seher*, 562 F.3d 1344, 1368 (11th Cir. 2009) ("Property eligible for forfeiture under 18 U.S.C. § 982(a)(1) includes that money or property which was actually laundered ('the corpus'), along with any commissions or fees paid to the launderer and any property used to facilitate the laundering offense. Property would facilitate an offense if it makes the prohibited conduct less difficult or more or less free from obstruction or hindrance.") (internal quotation marks and citation omitted).

You are further instructed that what happens to any property that is declared subject to forfeiture is exclusively a matter for the Court to decide. You should not consider what might happen to the property in determining whether the property is subject to forfeiture. In this connection, you should disregard any claims that other persons may have to the property because those interests will be taken into account by the Court at a later time.[9]

While deliberating concerning the issue of forfeiture you must not reexamine your previous determination regarding the Defendant's guilt. But all the instructions previously given to you concerning your consideration of the evidence, the credibility of the witnesses, your duty to deliberate together, your duty to base your verdict solely on the evidence without prejudice, bias, or sympathy, and the necessity of a unanimous verdict, will continue to apply during these supplemental deliberations.

---

[9] Fed. Crim. Jury Instr. 7th Cir. (2012 ed.) ("Property Subject to Forfeiture") (attached as **Attachment C**). *See also Libretti v. United States*, 516 U.S. 29 (1995) (forfeiture is part of a defendant's punishment and sentence); *Shannon v. United States*, 512 U.S. 573, 579 (1994) (Because the "jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'"); 21 U.S.C. § 853(n)(6) (establishing procedures for third-party forfeiture proceedings); Fed. R. Crim. P. 32.2(c) (same). Deleted from the Property Subject to Forfeiture instruction the following two sentences:
> The government is not required to prove that the money obtained by the Defendant is still in the Defendant's possession. Rather, the government is only required to prove the elements that I have described to you.

## FORFEITURE, PROPOSED JURY INSTRUCTION NO. 2

A special verdict form has been prepared for you. The special verdict form lists the property which the Government asserts is subject to forfeiture.

You may answer by simply putting an "X" or check mark in the space provided next to the words "YES" or "NO." The foreperson must then sign and date the special verdict form.

You will see that the special verdict form asks you to consider separately whether certain properties are subject to forfeiture on more than one basis. Even if you find that any given property is in fact subject to forfeiture for more than one reason, that does not mean that the Government will receive forfeited property twice. It is important, however, that you indicate on the special verdict form all bases on which you find any given property subject to forfeiture.